Kevin Luby, Esq., 844050
Kevin@lubylaw.org
Ellizabeth Lemoine, Esq., 040811
elizlemoine@yahoo.com
Luby Law Firm
7540 SW Hermoso Way
Tigard, Oregon 97223-8661
Tel: (503) 620-3342
Fax: (503) 620-3356
Attorneys for Plaintiffs TAMMIE M. DELANEY and MICHAEL E. DELANEY

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| TAMMIE M. DELANEY and MICHAEL E. DELANEY, her husband,<br>　　　　　　Plaintiffs,<br>v.<br>ONE WEST BANK, FSB, a California banking corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and REGIONAL TRUSTEE SERVICES, a Washington corporation,<br>　　　　　　Defendants. | CASE NO: 10-CV-977-KI<br><br>**PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION TO PRESERVE SUBJECT MATTER OF LITIGATION AND TO CANCEL AND ENJOIN TRUSTEE'S SALE SCHEDULED FOR FRIDAY, AUGUST 27, 2010** |

Plaintiffs TAMMIE M. DELANEY and MICHAEL E. DELANEY, by and through their undersigned attorneys, file their Emergency Motion for Temporary Injunction to Preserve the Subject Matter of this Litigation and to Cancel and enjoin Trustee's Sale Scheduled for Friday, August 27, 2010 together with their Memorandum of Law in Support of this Motion, attached hereto and incorporated herein, and state:

Procedural History and Material Facts

　　1. Plaintiffs instituted this action against Defendants ONE WEST BANK FSB, a California banking corporation (hereafter "OWB"); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation (hereafter "MERS"); and

REGIONAL TRUSTEE SERVICES, a Washington corporation (hereafter RTS) in the Multnomah County Circuit Court (hereafter the "state court") for Declaratory and Injunctive Relief and to Cancel and Enjoin a Trustee's Sale which was then presently scheduled for July 22, 2010.

2. The state court entered a Temporary Restraining Order cancelling and enjoining the July 22, 2010 Trustee's Sale, and scheduled a hearing to show cause why a Preliminary Injunction should not issue to enjoin any sale of the residential real property the subject of the state court action pending the final disposition of that litigation.

3. The show cause hearing was scheduled for Friday, August 20, 2010, Defendants herein having actual notice thereof.

4. However, on Wednesday, August 18, 2010, Defendants removed this action to this court in an obvious attempt to circumvent the August 20, 2010 show cause hearing and attempt to force a sale of the Plaintiffs' residential real property before the Plaintiffs could request the issuance of a preliminary injunction.

5. As set forth in the original Complaint (which allegations are incorporated herein by reference), the Defendants' actions in attempting to conduct a Trustee's (foreclosure) sale of the Plaintiffs' residential real property are predicated on a false allegation that there was an "obligation in favor of" Defendant MERS and a second false allegation that the "original creditor" to whom the debt is owed is also Defendant MERS.

6. As set forth in the Plaintiffs' Motion for Temporary Restraining Order (TRO) filed in the state court action (the allegations thereof being incorporated herein by reference), Defendant MERS is not and was never and could never be a creditor and

nothing was, is, or ever could have been owed to Defendant MERS, which is nothing more than an entity which electronically tracks the sale and transfer of mortgage loans as Defendant MERS has admitted in reported decisions.

7. Thus and as set forth in the Plaintiff's Motion for TRO filed in the state court action, Defendants' entire foreclosure attempt is predicated on material misrepresentations of fact and is thus legally flawed and void, warranting the issuance of not only a Temporary Restraining Order but also a Preliminary Injunction precluding any further foreclosure or attempted sale or transfer or encumbrance of the Property pending the full disposition of the litigation on the merits.

8. The state court's entry of a Temporary Restraining Order and scheduling of a show cause hearing demonstrated that there were significant issues of fact and law related to the Defendants' attempt to force a sale of the Plaintiffs' residential real property when the subject sale was based on false allegations in the Defendants' own foreclosure documents.

9. The residential real property constitutes the subject matter of this litigation which will be destroyed if an emergency preliminary injunction does not issue from this Court to cancel and preclude the sale or transfer of the subject real property pending the full disposition of this action on the merits.

WHEREFORE, Plaintiffs respectfully request that this Court immediately enter a Preliminary Injunction cancelling and enjoining the Trustee's Sale of the Property which is currently scheduled for Friday, August 27, 2010 as well as precluding any further foreclosure proceedings or sale or transfer or encumbering of the Property pending the

full disposition of this litigation on the merits for the reasons set forth herein, and for any other and further relief which is just and proper.

Dated this 25th day of August, 2010.

*Elizabeth Lemoine*

Kevin Luby, Esq., 844050
Kevin@lubylaw.org
Ellizabeth Lemoine, Esq., 040811
elizlemoine@yahoo.com
Luby Law Firm
7540 SW Hermoso Way
Tigard, Oregon 97223-8661
Tel: (503) 620-3342
Fax: (503) 620-3356
Attorneys for Plaintiffs TAMMIE M. DELANEY and MICHAEL E. DELANEY

Kevin Luby, Esq., 844050
Kevin@lubylaw.org
Ellizabeth Lemoine, Esq., 040811
elizlemoine@yahoo.com
Luby Law Firm
7540 SW Hermoso Way
Tigard, Oregon 97223-8661
Tel: (503) 620-3342
Fax: (503) 620-3356
Attorneys for Plaintiffs TAMMIE M. DELANEY and MICHAEL E. DELANEY

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| TAMMIE M. DELANEY and MICHAEL E. DELANEY, her husband,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ONE WEST BANK, FSB, a California banking corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and REGIONAL TRUSTEE SERVICES, a Washington corporation,<br><br>　　　　　Defendants. | ) CASE NO: 10-CV-977-KI<br>)<br>)<br>)<br>) **PLAINTIFFS' MEMORANDUM**<br>) **OF LAW IN SUPPORT OF**<br>) **EMERGENCY MOTION FOR**<br>) **PRELIMINARY INJUNCTION**<br>) **TO PRESERVE LITIGATION**<br>) **AND TO CANCEL AND ENJOIN**<br>) **TRUSTEE'S SALE**<br>) **SCHEDULED FOR FRIDAY,**<br>) **AUGUST 27, 2010**<br>) |

　　Plaintiffs TAMMIE M. DELANEY and MICHAEL E. DELANEY, by and through their undersigned attorneys, file this Memorandum of Law and Argument in support of their Emergency Motion for Temporary Injunction to Preserve the Subject Matter of this Litigation and to Cancel and enjoin Trustee's Sale scheduled for August 27, 2010.

　　1.　The decisional law cited in the Plaintiffs' Motion for Temporary Restraining Order filed in the state court action is incorporated herein by reference, as are the Affidavits of the Plaintiffs filed in the state court action in support of the subject Motion.

　　2.　Under Oregon Federal law, an injunction is granted on a showing of irreparable injury and inadequacy of legal remedies. Oregon Nat'l Resources Council v.

Plaintiffs Memorandum of Law and Argument in Support　　　　　　　　　　　　　Page 1
of their Emergency Motion for Preliminary Injunction

Marsh, 845 F.Supp. 758, 764 (D. Or. 1994), citing Amoco Products Company v. Gambell, 480 U.S. 531, 542, 107 S.Ct. 1396, 1402, 94 L.Ed.2d 542 (1987).

3. In order to obtain a preliminary injunction in Oregon Federal court, the moving party must show **_either_** probable success on the merits and the possibility of irreparable injury **_or_** serious questions on the merits and the balance of hardships tipping sharply in favor of the moving party. Marsh, *supra* at 764, citing William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 89 (9th Cir. 1975); United States v. Odessa Warehouse Co-Op, 833 F.2d 172, 174 (9th Cir. 1987); Half Moon Bay Fisherman's Marketing Association v. Carlucci, 857 F.2d 505, 507 (9th Cir. 1988), and Hoopa Valley Tribe v. Christie, 812 F.2d 1097, 1102 (9th cir. 1986).

4. These two standards are points on a sliding scale so that the moving party must show greater irreparable harm as its probability of success decreases, and "serious questions" refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo. Myers v. Williams, 819 F.supp. 919, 920 (D. Or. 1993), citing Gilder v. PGA Tour, Inc., 936 F.2d 417, 422 (9th Cir. 1991).

5. Plaintiffs have satisfied both standards here. As to the first, as there was never, at any time, any "obligation in favor of" Defendant MERS and Defendant MERS was never the "original creditor", Plaintiffs have a strong likelihood of success on the merits of their claim for Declaratory Relief and also risk the loss of their unique residential real property in the absence of the entry of a preliminary injunction for which they have no adequate remedy at law.

6. As to the second, there are serious questions as to the veracity and legal effect (if any) of the written affirmative representations of the Defendants in their nonjudicial foreclosure documents which questions cannot, without the benefit of full discovery, be resolved one way or the other at an injunction hearing, and without an injunction the Plaintiffs will suffer the irreparable hardship of the loss of their unique real property.

7. It is thus necessary to preserve the status quo of the real property pending the full disposition of this action on the merits, for its loss would result in the loss of the subject matter of this litigation and great irreparable harm to the Plaintiffs.

8. Plaintiffs herein have satisfied both tests for the immediate issuance of a preliminary injunction prohibiting the sale or other disposition of the unique residential real property the subject of this action pending the full disposition of this action on the merits.

9. Absent the immediate issuance of a preliminary injunction, the unique residential real property the subject of this action will be lost and Plaintiffs will suffer irreparable harm.

Based on the above tenets of law and argument, Plaintiffs respectfully request that this Court immediately enter a Preliminary Injunction cancelling and enjoining the Trustee's Sale of the Property which is currently scheduled for Friday, August 27, 2010 as well as precluding any further foreclosure proceedings or sale or transfer or encumbering of the Property pending the full disposition of this litigation on the merits

///

for the reasons set forth herein, and for any other and further relief which is just and proper.

Dated this 25th day of August, 2010.

*Elizabeth Lemoine*

Kevin Luby, Esq., 844050
Kevin@lubylaw.org
Ellizabeth Lemoine, Esq., 040811
elizlemoine@yahoo.com
Luby Law Firm
7540 SW Hermoso Way
Tigard, Oregon 97223-8661
Tel: (503) 620-3342
Fax: (503) 620-3356
Attorneys for Plaintiffs TAMMIE M. DELANEY and MICHAEL E. DELANEY

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I served a true and correct copy of the foregoing **Plaintiffs Emergency Motion for Preliminary Injunction to Preserve Subject Matter of Litigation and to Cancel and Enjoin Trustee's Sale Scheduled for Friday, August 27, 2010** upon the following person(s):

*Faxed to 1-206-676-9640 and sent via US Mail*
Lisa McMahon-Myhran
Robinston Tait, PS
710 Second Ave. Suite 710
Seattle, WA 98104
    Of Attorneys for Defendants Regional Trustee Services Corporation

*Faxed to 503-827-7600 and mailed via US Mail*
William L. Larkins
Danielle Hunsaker
Larkins Vacura LLP
621 Sw Morrison St. Suite 1450
Portland, Oregon 97205-3817
    Of Attorneys for Defendants OneWest Bank, FSB and Mortgage Electronic Registration Systems, Inc.

| | |
|---|---|
| **Mail/Courier :** | Contained in a sealed envelope with first class postage pre-paid, addressed to the last known address and deposited in the US Mail. |
| **Facsimile :** | To the last known fax number of the person(s) shown above. Pursuant to ORCP 9C, a true copy of the fax transmittal report for the foregoing will be attached only to the original certificate and filed with the Court if required. |
| **Hand deliver :** | Directly to said person at the last known address. |
| **E-mail :** | To the last known email address of the person. |

Dated this _____ day of August, 2010.

LUBY LAW FIRM

_____
Elizabeth Lemoine, OSB No. 040811
Elizlemoine@yahoo.com
Kevin W. Luby, OSB No. 844050
Kevin@lubylaw.org