**William L. Larkins, Jr.,** OSB #812882
wlarkins@larkinsvacura.com
**Danielle J. Hunsaker,** OSB #045365
dhunsaker@larkinsvacura.com
**Cody Hoesly,** OSB #052860
choesly@larkinsvacura.com
**Larkins Vacura LLP**
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
Telephone:  503-222-4424
Facsimile:  503-827-7600
Attorneys for OneWest Bank, FSB, and
Mortgage Electronic Registration Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TAMMIE M. DELANEY and MICHAEL E. DELANEY, her husband,<br><br>Plaintiffs,<br><br>v.<br><br>ONE WEST BANK, FSB, a California banking corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and REGIONAL TRUSTEE SERVICES, a Washington corporation,<br><br>Defendants. | Case No. 3:10-CV-977-KI<br><br>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS<br><br>BY DEFENDANTS ONE WEST BANK, FSB, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. |

**INTRODUCTION**

Defendants OneWest Bank, FSB ("OneWest"), and Mortgage Electronic Registration

Systems, Inc. ("MERS"), hereby file this memorandum in support of their Motion to Dismiss

plaintiffs' claims against them, for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).

In support of the motion, OneWest and MERS rely on the facts alleged in the Complaint and on the argument below.  According to the Complaint, plaintiffs executed a note and trust deed in favor of IndyMac Bank ("IndyMac").  (Complaint ¶ 8.)  IndyMac later failed, was taken over by the FDIC, and became IndyMac Federal Bank ("IndyMac Federal").  (*Id.*)  OneWest then acquired some assets of IndyMac Federal.  (*Id.*)  Plaintiffs do not know whether or not those assets included IndyMac's rights under the loan documents.  (*Id.* ¶¶ 8-9.)

Later, defendant Regional Trustee Services ("Regional") sent plaintiffs a Trustee's Notice of Sale (the "Notice of Sale"), which stated that plaintiffs' deed of trust had been made "in favor of [MERS] as nominee for [IndyMac], as beneficiary."  (*Id.* ¶ 10 & Ex. A, p. 8.)  Regional also sent plaintiffs a Notice Required by the Fair Debt Collection Practices Act (the "FDCPA Notice"), which stated that "[t]he original creditor to whom the debt is/was owed is [MERS] as nominee for [IndyMac]."  (*Id.* ¶ 10 & Ex. A, p. 1.)  Plaintiffs believe those statements by Regional are false.  (*Id.* ¶ 11.)[1]

Based on their lack of knowledge regarding the transfer of their loan to OneWest, and the statements made in the notices sent to them by Regional, plaintiffs now seek an injunction against the impending foreclosure as well as a declaratory judgment establishing all parties' rights in this situation.  (*Id.* ¶¶ 16-43.)

## ARGUMENT

### A.    Governing standard for motion to dismiss

When a plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss that claim.  Fed R. Civ. P. 12(b)(6); *Sheaf v. Minneapolis, St. P. & S.S.M.R. Co.*, 162

---

[1] Technically, plaintiffs allege that the Notice of Sale makes both quoted statements.  (Complaint ¶ 10.)  But the statement about the "original creditor" is not in the Notice of Sale; it is only in the FDCPA Notice, which is also attached to plaintiffs' Complaint.  OneWest and MERS therefore assume that plaintiffs mean their "original creditor" allegation to refer to the FDCPA Notice.

F.2d 110, 113 (8th Cir. 1947) ("[I]t is the duty of the court to enter judgment forthwith").  While the court must give plaintiff the benefit of all factual allegations in the complaint and all reasonable inferences arising from those facts, the court must *disregard* all legal conclusions, even if they are couched as factual allegations.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  This court also must disregard "allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice."  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Doe I v. Wal-Mart Stores, Inc.*, 575 F.3d 677, 683 (9th Cir. 2009) (plaintiff must do more than offer naked "labels and conclusions, and a formulaic recitation of the elements of a cause of action") (quoting *Twombly*, 550 U.S. at 555).  While the allegations in the Complaint need not be probable, "sheer possibility" is insufficient – the allegations must be "plausible."  *Iqbal*, 129 S. Ct. at 1949.

**B.    Plaintiffs' injunctive and declaratory relief claims fail as a matter of law.**

As noted above, both of plaintiffs' claims are based entirely on (1) their alleged lack of knowledge about whether OneWest is the successor to IndyMac's rights under the loan documents, and (2) their belief that the quoted statements in Regional's notices are false.  Because neither of those bases suffices to state a claim, this Court should dismiss both claims.

**a.    Regional's statement in the Notice of Sale was correct.**

Plaintiffs contend that Regional was incorrect in stating in the Notice of Sale that plaintiffs' trust deed had been made "in favor of [MERS] as nominee for [IndyMac], as beneficiary."  (*Id.* ¶ 10 & Ex. A, p. 8.)  The problem with that contention is that Regional's

statement was correct.  Plaintiffs' trust deed identifies IndyMac as the "Lender."  (Deed of Trust, attached to defendants' Request for Judicial Notice as Exhibit D, pp. 1-2.)[2]  The trust deed also states that "MERS is the beneficiary under this Security Instrument" and that "MERS * * * is acting solely as nominee for Lender and Lender's successors and assigns."  (*Id.*, p. 2)  The trust deed further states that:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.  This Security Instrument secures to Lender:  (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.

(*Id.*, p. 3.)  In other words, when Regional stated that plaintiffs' trust deed had been made "in favor of [MERS] as nominee for [IndyMac], as beneficiary," Regional was correct. Accordingly, plaintiffs' contention is wrong and cannot serve as a basis for either declaratory or injunctive relief.  *See Lazy Y Ranch*, 546 F.3d at 588 (court must disregard "allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice").

### b.  Regional's statement in the FDCPA Notice was irrelevant and do not provide any basis for declaratory or injunctive relief.

Plaintiffs next contend that Regional was incorrect in stating in the FDCPA Notice that "[t]he original creditor to whom the debt is/was owed is [MERS] as nominee for [IndyMac]." (Complaint ¶ 10 & Ex. A, p. 1.)  Plaintiffs are correct that MERS was not the original creditor under the note:  IndyMac was.  (Adjustable Rate Note, attached to defendants' Request for Judicial Notice as Exhibit C, p. 1.)  MERS was merely the nominal beneficiary under the trust

---

[2] In deciding this motion, this Court can consider both the Deed of Trust and the Adjustable Rate Note attached to defendants' Request for Judicial Notice, because those documents are referenced in the Complaint as authentic.  *See Townsend v. Columbia Operations,* 667 F.2d 844, 848-49 (9th Cir. 1982) (so holding).

deed.  At first blush, then, it appears that Regional made a technical misstatement.  Significantly, however, the statement plaintiffs quote highlights the fact that MERS is merely "nominee for [IndyMac]," and the FDCPA Notice goes on to state that "[t]he current creditor is [OneWest] Sucessor in Interest to [IndyMac Federal] Successor to [IndyMac]."  (Complaint ¶ 10 & Ex. A, p. 1.)  That statement, made immediately after the one plaintiffs quote, provides necessary context for the earlier statement, and it shows that IndyMac was indeed the original creditor.  Accordingly, the FDCPA Notice, considered as a whole, does not contain any misstatement.  Plaintiffs' contention to the contrary is incorrect and cannot serve as a basis for any form of relief.

Even if this Court were to conclude that the FDCPA Notice contains a misstatement, that misstatement was at most a very technical one.  Plaintiffs claim that it was fraudulent and therefore ask this Court to enjoin the foreclosure and declare all parties' rights in the property at issue.  (Complaint ¶¶ 11, 19, 26. 40.)  The problem is that the misstatement, if it is one, was not fraudulent.  As this Court has recently recognized, a fraud claim requires:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) [the speaker's] intent that it should be acted on by the person and in the matter reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) [the hearer's] reliance on its truth; (8) [the hearer's] right to rely thereon; (9) and [the hearer's] consequent and proximate injury.

*McDonald-Marshall v. Dolphin Software, Inc.*, 2010 WL 2817193, *3 (D. Or.) (citing *Merten v. Portland Gen. Elec. Co.*, 234  Or. App. 407, 416, 228 P.3d 623 (2010)) (brackets in *McDonald-Marshall*; emphasis in *McDonald-Marshall* omitted).

Plaintiffs' Complaint does not include any allegation showing how Regional's mischaracterization of the original creditor was material in any way.  For the reasons explained above, the misstatement, if it was one, was highly technical.  Moreover, the FDCPA Notice went

on to explicitly invite plaintiffs to ask Regional about the loan, dispute Regional's characterization of the loan, and even to obtain contact information for the original creditor. (Complaint ¶ 10 & Ex. A, p. 1.)  And the FDCPA notice was not a notice of sale, or even a notice of default.  It was not required under Oregon law to effectuate foreclosure of the property at issue.  Under those circumstances, it is hard to see how Regional's misstatement was material in any way.  It was hardly even false.

Nor have plaintiffs alleged that Regional knew the statement to be false, or that Regional intended plaintiffs to act on the statement.  "The intent to mislead element requires the plaintiff to show that the defendant intended that the plaintiff act in reliance on the defendant's misrepresentation."  *Merten*, 234 Or. App. at 416-17.  But, far from intending for plaintiffs to rely on the statement, Regional explicitly asked them to write or call Regional and dispute what Regional had said, or obtain a clarification.

Plaintiffs also have not alleged in any way that they were ignorant of the statement's falsity.  On the contrary, plaintiffs affirmatively allege that IndyMac was the original creditor and that "MERS never lent any money to the Plaintiffs; was never owed any money by the Plaintiffs; never made any demand for payment of any money [by] the Plaintiffs; and was never paid any money by the Plaintiffs."  (Complaint ¶¶ 8, 11.)  Because plaintiffs knew all along that the alleged misstatement was untrue, their fraud claim must fail.  *See McDonald-Marshall*, 2010 WL 2817193, *3 ("Indeed, a fraud claim requires 'the hearer's ignorance of [the] falsity' of the speaker's material misrepresentation.") (quoting *Merten*, 234 Or. App. at 416).

Similarly, because plaintiffs knew the truth – that IndyMac was the original creditor – they cannot claim (indeed, they do not allege anywhere) that they ever relied on Regional's slight misstatement, or that they had any right to rely on that statement.  Nor do plaintiffs claim that the

misstatement caused them any injury.  Indeed, it would be hard to imagine what injury they could have suffered as a result of the insignificant misstatement.

For all of the foregoing reasons, plaintiffs' reliance on the FDCPA Notice cannot serve as a basis for either declaratory or injunctive relief.

### c.  Plaintiffs' allegations of ignorance are irrelevant and do not provide any basis for declaratory or injunctive relief.

Finally, plaintiffs contend that they are entitled to declaratory and injunctive relief because they do not know whether OneWest is the assignee of IndyMac's rights under the loan documents.  But ignorance alone is not a basis for any form of relief.  And nowhere do plaintiffs ever allege that OneWest is *not* the current holder of the loan documents.[3]  While plaintiffs decry OneWest's alleged failure to prove its status as the current lender, they forget that it is they, not OneWest, who have the burden of proof – and thus the burden of pleading – here.  Plaintiffs must plead facts showing an entitlement to relief.  Accordingly, plaintiffs' failure to plead that OneWest is *not* the current holder of the loan documents is fatal to their claims.

### i.  This Court does not have standing here.

Because plaintiffs have not denied OneWest's status as IndyMac's assignee, they also have not alleged any grounds which would confer standing on this Court.  *See Hoyt St. Props., L.L.C. v. Burlington N. & Santa Fe. Ry. Co.*, 38 F. Supp. 2d 1185, 1190 (D. Or. 1999) ("In actions requesting prospective or declaratory relief, the plaintiff must show that there is a

---

[3] The foregoing discussion makes clear what MERS' role in these proceedings is.  To the degree that plaintiffs rely on ignorance about Regional's role, that role is clarified by (1) the Assignment of Deed of Trust from IndyMac to IndyMac Federal and (2) the Appointment of Successor Trustee by which IndyMac Federal appointed Regional as successor trustee.  Both of those documents are dated August 28, 2008, were recorded on September 3, 2008, and are attached to defendants' Request for Judicial Notice as Exhibits A and B, respectively.  This Court can consider them in deciding this motion because they are public records.  *See Reynolds v. Giusto*, 2009 WL 2523727, *2 (D. Or.) (so holding).

'substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.') (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)) (citation omitted). What possible "adverse legal interest" can there be between a party which claims a certain identity, and a party which pleads ignorance of that identity, but does not deny it? There is none. *Cf. Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (borrower was not entitled to relief where she merely claimed that she did not know what she owed lender).

### ii.  Even if this Court did have standing, it should decline to entertain this declaratory relief action.

Even if plaintiffs' allegations of ignorance did somehow create a justiciable controversy, "the court still has discretion to decline to entertain the action. 'In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *Ore. ex. rel. Dep't of Transp. v. Heavy Vehicle Elec. License Plate, Inc.*, 198 F. Supp. 2d 1202, 1206 (D. Or. 2002). Here, those considerations dictate refusal to entertain this action, where plaintiffs do not even deny that they owe the debt described in the Notice of Sale, that they are in default under the loan documents, or that foreclosure is proper, and where the indisputable evidence shows that Regional is the proper trustee to be doing the foreclosure. All that plaintiffs claim is that they do not know who should be making the credit bid at the foreclosure sale: OneWest, or some other entity plaintiffs never identify.

### iii.  Even if this Court did have standing, plaintiffs have failed as a matter of law to plead the elements required for injunctive relief.

Under these circumstances, plaintiffs also cannot claim any entitlement to injunctive relief. Injunctive relief is improper unless plaintiffs can show that (1) they are likely to succeed

on the merits; (2) they are likely to suffer irreparable harm in the absence of an injunction; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Alliance for Wild Rockies v. Cottrell*, 2010 WL 2926463, *3 (9th Cir.). Here, plaintiffs' allegations do not point to any likelihood of success on the merits. They do not dispute that the property should be foreclosed upon. They merely want to know who the property will go to after foreclosure. But that is of no concern to them. Plaintiffs' ignorance does not entitle them to a delay of the foreclosure. For the same reason, plaintiffs will not suffer irreparable harm if the foreclosure goes through now. Even if plaintiffs were to somehow prove that OneWest is not the current lender, and even if that mattered under Oregon law (which it does not), plaintiffs would have remedies under Oregon law to make them whole after the foreclosure. *See Staffordshire Investments, Inc. v. Cal-W. Reconveyance Corp.*, 209 Or. App. 528, 542, 149 P.3d 150 (2006) ("The [Oregon Trust Deed] Act represents a well-coordinated statutory scheme to protect grantors from the unauthorized foreclosure and wrongful sale of property, while at the same time providing creditors with a quick and efficient remedy against a defaulting grantor.").

//

//

//

//

//

//

//

//

//

Memorandum in Support of Motion to Dismiss                    Page 9

## CONCLUSION

Plaintiffs have failed to plead facts which, if true, would entitle them to either declaratory or injunctive relief.  Defendants OneWest and MERS respectfully request that this Court dismiss plaintiffs' claims against them with prejudice.

Dated:  August 25, 2010.

LARKINS VACURA LLP

/s/ William L. Larkins, Jr.
_____
William L. Larkins, Jr. OSB #812882
Danielle Hunsaker OSB #045365
Cody Hoesly OSB #052860
Attorneys for OneWest Bank, FSB, and
Mortgage Electronic Registration Systems, Inc.

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **MEMORANDUM IN SUPPORT OF MOTION**

**TO DISMISS** on August 25, 2010, by causing to be electronically mailed via ECF to:

PLEASE SEE ATTACHED LIST

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2010, at Portland, Oregon.

LARKINS VACURA LLP


/s/ William L. Larkins, Jr.
_____
William L. Larkins, Jr. OSB #812882
Danielle Hunsaker OSB #045365
Cody Hoesly OSB #052860
Attorneys for OneWest Bank, FSB, and
Mortgage Electronic Registration Systems, Inc.

Electronic Mail Notice List:

**Elizabeth Lemoine**
Email: elizlemoine@yahoo.com

**Lisa M. McMahon-Myhran**
Email: lmcmahon@robinsontait.com