IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TAMMIE M. DELANEY,** and **MICHAEL DELANEY,** | Civil Case No. 10-977-KI |
| Plaintiffs, | OPINION AND ORDER |
| vs. | |
| **ONEWEST BANK, FSB,** a federally chartered savings bank; **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, a Delaware corporation; and **REGIONAL TRUSTEE SERVICES**, a Washington corporation; and **DEUTSCHE BANK NATIONAL TRUST COMPANY**, a foreign banking concern, | |
| Defendants. | |

Kevin W. Luby
Elizabeth Lemoine
7540 SW Hermoso Way
Tigard, Oregon  97223

Page 1 - OPINION AND ORDER

W. Jeffrey Barnes
2901 West Coast Highway Suite 350
Newport Beach, California  92663

    Attorneys for Plaintiffs

William L. Larkins, Jr.
Danielle J. Hunsaker
Cody Hoesly
Christopher J. Kayser
Larkins Vacura LLP
621 SW Morrison Street, Suite 1450
Portland, Oregon  97205

Robert J. Pratte
DLA Piper
90 S. Seventh St., Suite 5100
Minneapolis, MN 55402

    Attorneys for Defendants

KING, Judge:

This action arose when plaintiffs fell behind on their mortgage payments and filed a Complaint in state court entitled Complaint for Declaratory and Injunctive Relief and to Cancel and Enjoin Trustee's Sale Scheduled for July 29, 2010.  Defendants removed the case to this court, and I entered a Preliminary Injunction enjoining defendants and their agents "from conducting or otherwise proceeding with any Trustee's Sale or other manner of attempted sale of the real property."  Order for Prelim. Inj. 2, Aug. 26, 2010.

Plaintiffs filed an Amended Complaint on November 1, 2010.  The gist of plaintiff's action is that the use of Mortgage Electronic Registration Systems, Inc. ("MERS") clouded the ownership interests on the note and deed of trust so it is unclear whether defendants have the

legal authority to foreclose and sell plaintiffs' house.  Plaintiffs seek to enjoin any foreclosure sale or other disposition of the house.  They also seek a declaratory judgment stating:

>   (a) that Defendants have no legal standing or the proper legal, ownership, or equitable interest in either the Note or Deed of Trust to institute or maintain a foreclosure; and
>
>   (b) there is no legal assignment of either the Note or the Deed of Trust from the original lender to any of the Defendants; and
>
>   (c) that the attempt by Defendants to conduct a foreclosure sale of the Property is legally defective and precluded from enforcement; and
>
>   (d) that the Plaintiffs recover their costs as provided by law.

Am. Compl. 15-16.

On March 25, 2011, defendant Deutsche Bank National Trust Company, which is holding the note, filed a case in state court seeking judicial foreclosure.  The state Complaint has a claim for breach of the promissory note and a claim for foreclosure of a security interest.  Before the court is defendants' Motion to Dismiss for Mootness [105].

## DISCUSSION

Defendants seek to dismiss the federal action as moot.  They correctly note that the nonjudicial foreclosure sale which prompted plaintiffs to file their case cannot be postponed past January 25, 2011.  ORS 86.755(2).  Instead of beginning the nonjudicial sale process anew, defendants chose to seek judicial foreclosure.  State law prohibits a trustee from pursuing a nonjudicial foreclosure if another action has been instituted to recover the debt secured by the trust deed.  ORS 86.735(4).  Thus, at this point, defendants are clearly proceeding down the road of a judicial foreclosure.  They argue the federal action is moot because all issues can be resolved in the judicial foreclosure case proceeding in state court.

Page 3 - OPINION AND ORDER

Plaintiffs argue that defendants violated this court's Preliminary Injunction by instituting the judicial foreclosure action in state court. I disagree. I had conferences with counsel to discuss the difficult state law issues present in this case and whether to certify the question to the Oregon Supreme Court. When defendants opposed this action because of the likely long delay in the case, I discussed with counsel defendants' intention to seek judicial foreclosure in state court. I expressed my concern that there would be no legal basis for me to remand and we discussed defendants moving to dismiss the federal case for mootness. Part of that discussion was whether defendants would also file in state court, although we did not discuss the timing. I see no violation of my injunction because I was reasonably clear that the case would probably proceed in state court.

Plaintiffs further contend that this action is not moot, that the threat of nonjudicial foreclosure is still alive, and that there are unresolved factual and legal issues as to whether defendants are legally permitted to undertake any type of foreclosure action, whether judicial or nonjudicial.

Although plaintiffs' requested relief would affect any type of foreclosure of the deed of trust, whether judicial or nonjudicial, plaintiffs' Amended Complaint contains many allegations about the Notice of Sale, including that it makes two fraudulent misrepresentations. Am. Compl. ¶¶ 19-21, 23, 24, 30, 40, 50. That portion of the federal case is clearly moot. See <u>Sakugawa v. Mortg. Elec. Registration Sys. Inc.</u>, Civil No. 10-00028 JMS/BMK, 2011 WL 776051, at *5-6 (D. Haw. Feb. 25, 2011) (no controversy existing regarding the notice of foreclosure after it was rescinded).

Plaintiff seeks a declaratory judgment in this case regarding MERS' involvement in recording assignments of the deed of trust.

> "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Thus, when a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state court.

Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1366-67 (9th Cir. 1991) (quoting Brillhart v. Excess Ins. Co., 316 U.S. 491, 495, 62 S. Ct. 1173, 1175-76 (1942)).

Plaintiffs can bring all their theories about MERS to state court in defending against the claim for foreclosure of a security interest, and indeed must do so if they intend to defend the state case. I am quite concerned about federal court proceeding in parallel with state court to determine an important issue of state law, namely, the effect of the use of MERS on interests in the note and deed of trust. There is a danger of contradictory rulings from the two courts.

Concerning plaintiffs' claim for injunctive relief, I note the principles underlying Younger abstention. The court

> must abstain under Younger if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.

San Jose Silicon Valley Chamber of Commerce Political Action, 546 F.3d 1087, 1092 (9th Cir. 2008) (referencing Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971)).

Whether the MERS business model complies with Oregon's statutes and case law concerning trust deeds is an extremely important issue affecting far more than the parties in this

Page 5 - OPINION AND ORDER

case. There are no federal issues presented, constitutional or otherwise. The important state issues should be decided in state court, particularly because there are no Oregon appellate cases to guide the federal court. Importantly, plaintiffs seek an injunction which would bar the state court from issuing orders to allow foreclosure of the property.

For these reasons, I grant defendants' motion and dismiss this case without prejudice.

## CONCLUSION

Defendants' Motion to Dismiss for Mootness [105] is granted as explained above. I vacate the Order for Preliminary Injunction dated Aug. 26, 2010 and the minute order extending the injunction dated September 29, 2010. This action is dismissed without prejudice.

IT IS SO ORDERED.

Dated this      5th      day of May, 2011.

　　　　　　　　　　　　　　　　　　/s/ Garr M. King
　　　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　　　United States District Judge